UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TIMOTHY ARTHUR BERRY,

        Plaintiff,                 Case No. 16-cv-10597

v.                                         Honorable Thomas L. Ludington
                                            Magistrate Judge Patricia T. Morris

DOLORES TRESE,

        Defendant.

_____/

## ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH PREJUDICE

On February, 2016, Plaintiff Timothy Arthur Berry filed a complaint against Dolores Trese, an attorney with Legal Aid. It is his third complaint filed against Ms. Trese. *See Berry v. Trese*, Case No. 16-10174 (E.D. Mich. Jan. 19, 2016); *Berry v. Trese*, Case No. 16-10175 (E.D. Mich. Jan. 19, 2016). In the complaint Berry claims that Trese violated a series of his constitutional rights including First, Fifth, and Fourteenth Amendment rights. Berry also applied for permission to proceed *in forma pauperis*. Berry's application to proceed *in forma pauperis* will be granted.

In enacting the original IFP statute, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). In 1996, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and that it *sua sponte* dismiss a case before service of process if it determines that the action is frivolous or malicious, fails to state a

claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Berry's complaint will be dismissed pursuant to this screening procedure.

As with Berry's prior complaints against Ms. Trese, his present complaint will be dismissed. Specifically, he does not allege that Ms. Trese is a state actor amenable to suit under 42 U.S.C. § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 323 (1981) (holding that even though court-appointed defense counsel is paid by the state, he or she does not act under color of state law); *Hawkins v. Grunst*, 2011 U.S. App. LEXIS 26326, at *3 (6th Cir. July 27, 2011) (same). Further, the sum and substance of Berry's claims against Trese are that she "submitted [an] Ex Parte Order to Show Case to Judge Jon A. Van Allsburg." Compl. ¶¶ 4, 12, & 13. Based on this sole factual allegation, Berry contends that Ms. Trese violated his constitutional rights and conspired with Judge Van Allsburg to violate his constitutional rights. These claims are wholly undeveloped and entirely conclusory. They warrant dismissal.

Accordingly, it is **ORDERED** that Plaintiff Timothy Berry's Application to Proceed *in forma pauperis*, ECF No. 2, is **GRANTED**.

It is further **ORDERED** that Plaintiff Timothy Berry's Complaint, ECF No. 1, is **DISMISSED with prejudice**.

Dated: August 2, 2016          s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 2, 2016.

                                       s/Michael A. Sian
                                       MICHAEL A. SIAN, Case Manager